**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**
**CIVIL DIVISION**

**ANDREW TATE and**
**TRISTAN TATE,**

**Plaintiffs,**

**vs.** **CASE NO.: 502023CA011904XXXXMB**

**JANE DOE, MONA DOE, WILLIAM DOE,** **DIVISION: AI**
**and MARY DOE,**

**Defendants.**

---

**JANE DOE,**

**Defendant/ Counter-Plaintiff,**

**Vs.**

**TRISTAN TATE and ANDREW TATE,**

**Plaintiffs/ Counter-Defendants.**

---

**ORDER ON COUNTER-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM OF JANE DOE**

NOT A CERTIFIED COPY

THIS CAUSE comes before the Court for hearing on the Counter-Defendants, TRISTAN TATE and ANDREW TATE'S (hereinafter "Plaintiffs'") Motion to Dismiss Counter-Plaintiff's Counterclaim (D.E. # 190) on September 26, 2025. The Court having reviewed the filings and briefs of the parties, any exhibits thereto, having heard the arguments of the counsel, and being otherwise fully informed and advised, for the reasons set forth below finds as follows:

**I. Procedural And Factual Background:**

This matter came on to be heard on September 26, 2025 upon Counter-Defendants' Motion to Dismiss Counter-Plaintiff's Counterclaim. On September 26, 2025, this Court heard the Parties present arguments, through counsel and has reviewed the motions and briefs submitted by the respective parties regarding the Motion to Dismiss the Counterclaim. Counter-Defendants



FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 10/23/2025 03:38:42 PM

seek the dismissal of various counts identified as follows:

Count 1: Violation Of 18 U.S.C. §§ 1591(A)(1) and 1595 of the Trafficking Victims Protection Reauthorization Act (TVPRA).

Count 2: Conspiracy To Violate the TVPRA In Violation of 18 U.S.C. §§1594(c) and 1595.

Count 3: Florida Civil Remedy For Criminal Practices FL. STAT. §§ 772.103 and 772.104.

Count 4: Civil Conspiracy Under Florida Law.

Count 6: Malicious Prosecution.

Count 7: Intentional Infliction Of Emotional Distress.

## II. Standard Of Review:

"A motion to dismiss tests whether the plaintiff has stated a cause of action. When determining the merits of a motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party." *Crocker v. Marks*, 856 So. 2d 1123 (Fla. 4th DCA 2003) (citing *Bell v. Indian River Memorial Hospital,* 778 So.2d 1030 (Fla. 4th DCA 2001). Considering the allegations within the four corners of the FAC and accepting such allegations as true and considered in the light most favorable to the non-moving party, the Court makes the following findings.

## III. Findings of the Court:

### a) As to Counts I and II; Violation Of 18 U.S.C. §§ 1591(A)(1) and 1595 of the Trafficking Victims Protection Reauthorization Act (TVPRA).

The Court Grants Counter-Defendants' (hereinafter "Plaintiffs") Motion to Dismiss as to Counts I and II. The Counterclaim fails to sufficiently allege that Plaintiffs used force, fraud, or coercion to cause or to attempt to cause Jane Doe to engage in a commercial sex act. The Counterclaim sets forth allegations of a romantic relationship, travel and business offers and lacks the specificity of fraud, force or coercion as required to set forth a cause of action under the applicable statutes. Further, the allegations in general, as to 'other unidentified women' without any specificity in the allegations is found to be without relevance to the specific actions relating to

NOT A CERTIFIED COPY

Jane Doe. See *United States v. Maynes*, 880 F.3d 110, 113 (4th Cir. 2018); *Neder v. United States*, 527 U.S. 1, 22 (1999).

Counts I and II are hereby dismissed without prejudice.

**b) <u>As to Count III; Florida RICO, F.S. §§ 772.103, .104.</u>**

The Court Grants the Plaintiffs' Motion to Dismiss as to Count III. The Counterclaim fails to sufficiently allege the required elements of a RICO enterprise and fails to plead the separateness as required under *Palmas Y Bambu, S.A. v. E.I. DuPont*, 881 So. 2d 565 (Fla. 3d DCA 2004); fails to plead an injury to "business or property" and pleads at most emotional damages; and fails to plead a pattern of criminal activity. Count III is dismissed without prejudice.

**c) <u>As to Count IV; Civil Conspiracy.</u>**

The Court Grants the Plaintiffs' Motion to Dismiss as to Count IV. The Counterclaim fails to plead an actionable civil conspiracy and fails to sufficiently plead an actionable underlying tort in the Counterclaim allegations. *Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97 (Fla. 3d DCA 2019). Jane Doe improperly pleads multiple unrelated theories in a shotgun count that are unsupported in the Counterclaim, contrary to Fla. R. Civ. P. 1.110(f). Count IV is dismissed without prejudice.

**d) <u>As to Count VI; Malicious Prosecution</u>.**

The Court Grants the Plaintiffs' Motion to Dismiss as to Count VI. The Counterclaim fails to sufficiently plead the absence of probable cause and a 'favorable result' as required by *Fischer v. Debrincat*, 169 So. 3d 1204 (Fla. 4th DCA 2015).

**e) <u>As to Count VII; Intentional Infliction of Emotional Distress (IIED).</u>**

The Court Grants the Plaintiffs' Motion to Dismiss as to Count VII. The Counterclaim fails to plead allegations that rise to the level of "outrageous conduct" or "severe distress" as is required under Florida law. *Aguilera v. Inservices, Inc.*, 905 So. 2d 84, 92 (Fla. 2005); *Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 1306 (Fla. 2d DCA 2018). Furthermore, Jane Doe improperly pleads multiple unrelated theories in a shotgun count. Count VII is dismissed without prejudice.

**IV. <u>SURPLUSAGE</u>.**

If an amended Counterclaim is filed, by Defendant, Counter-Plaintiff, Jane Doe, she is

NOT A CERTIFIED COPY

urged to follow and abide by the rules of pleading as set forth in RCP 1.110(b) assuring any amended Counterclaim consists of short and concise statements of ultimate facts and is no longer than 65 pages excluding caption and signature pages.

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Dismiss is GRANTED. Counts I, II, III, IV, VI, and VII of the Counterclaim are dismissed without prejudice. Defendant, Counter-Plaintiff, Jane Doe is given twenty (20) days to file an amended counterclaim if she so chooses. Count V remains pending.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida this 23 day of October 2025.

G. Joseph Curley
Circuit Court Judge

NOT A CERTIFIED COPY

Thomas Maniotis, Esq.
5201 Blue Lagoon Drive, Floor 8
Miami, FL 33126

tamaniotis@equitylegal.net
tamaniotisesq@gmail.com
pcalvert@equitylegal.net

Joseph D. McBride, Esq.
The McBride Law Firm, PLLC
99 Park Avenue, 6th Flr.
New York NY 10016

Jmcbride@Mcbridelawnyc.Com

Danielle Bianculli Pinter, Esq.
1201 F Street NW
Suite 200
Washington, DC 20004

Dpinter@Ncoselaw.org
Jjohnson@Ncoselaw.org
bbull@ncose.com
kjames@ncoselaw.org

Calvin Warriner, III, Esq.

CCW@searcylaw.com

Searcy Denney Scarola Barnhart
& Shipley, PA
2139 Palm Beach Lakes Boulevard
West Palm Beach FL 33409

Marc J Randazza, Esq. ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
600 N. Willow Avenue, Suite 101
Tampa FL 33606

Jenny M. Flanigan, Esq. jenny@bbtrial.com
201 East Cary Street, Suite 310
Richmond VA 23223

Jennifer Safstrom, Esq. jennifer.safstrom@vanderbilt.edu
131 21st Ave. South
Nashville TN 37203

NOT A CERTIFIED COPY