UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-mj-03259-LFL
Case No. 26-mj-03260-LFL

IN THE MATTER OF EXTRADITION OF
TRISTAN TATE
_______________________________/

IN THE MATTER OF EXTRADITION OF
EMORY ANDREW TATE
_______________________________/

**CORRECTED NOTICE OF FILING BRIEFING ON SPECIAL CIRCUMSTANCES TEST IN SUPPORT OF THE TATES' MOTION FOR RELEASE PENDING EXTRADITION PROCEEDINGS[1]**

In their Motion for Release Pending Extradition Proceedings (the "Motion"), the Tates argued that federal courts have misconstrued the holding of *Wright v. Henkel*, 190 U.S. 40 (1903), and that burdening an extraditee to prove that "special circumstances" justify bail is unconstitutional and incompatible with American jurisprudence. Motion, fn. 3; Reply, p. 27.

---

[1] Undersigned submits this Corrected Notice of Filing solely to correct a formatting error in the exhibits caused by the CM/ECF E-Filing system. Undersigned has refiled the exhibits at a smaller size to avoid the CM/ECF filing stamps overlapping.

In further support of this argument, Andrew and Tristan Tate submit the following documents:

**Exhibit 1**: *Yungman v. Garland*, Case No. 24-cv-62056-LEIBOWITZ (S.D. Fla. 2024), Yungman's Petition for Writ of Habeas Corpus [DE#1].

**Exhibit 2:** *Yungman v. Garland*, Case No. 24-cv-62056-LEIBOWITZ (S.D. Fla. 2024), Respondent's Response to Fugitive's Petition for Writ of Habeas Corpus [DE#11].

**Exhibit 3:** *Yungman v. Garland*, Case No. 24-cv-62056-LEIBOWITZ (S.D. Fla. 2024), Judge Liebowitz's Order Denying Petition and Closing Case [DE#12].

**Exhibit 4:** *In re Ricardo Martinelli,* Case No. 17-131 (U.S. Supreme Court), Emergency Petition for Writ of Habeas Corpus.

In *Yungman*, Mr. Yungman argued that *Wright v. Henkel* should not be read to create a legal presumption against bail in extradition cases because (1) although extradition proceedings have been described as *sui generis*, the proceedings carry the hallmarks of a criminal case: arrest, detention, a probable-cause determination, and penal confinement, including solitary confinement, and therefore the Bail Reform Act should apply; (2) applying a presumption against bail violates the Eighth Amendment's Excessive Bail Clause because it presumes that the total denial of bail is the norm and that the extraditee has the burden of establishing the right to bail; (3) applying a presumption against bail violates the Fifth Amendment's Due Process Clause because the presumption is applied arbitrarily and there are no intelligible standards or criteria governing how it may be rebutted; and (4) applying a

presumption against bail violates the Fifth Amendment's Due Process Clause by disregarding the presumption of innocence.

Similarly, in 2017, Ricardo Martinelli, the former President of the Republic of Panama, filed an emergency petition for writ of habeas corpus before the Supreme Court of the United States, asking the Supreme Court to consider:

> Whether the Bail Reform Act of 1984 governs bail in an extradition case; and, if not, whether denying bail in this case, on the basis of an arbitrarily enforced presumption against bail, violated the Constitution of the United States.

Ex. 4, p. 1.

Recognizing that this Court is bound by Eleventh Circuit precedent, *see Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828 (11th Cir. 1993), the Tates incorporate these arguments into their motion for release in order to preserve them for any appeal if necessary.

Respectfully submitted,

*/s/ Thomas Maniotis*
**THOMAS MANIOTIS**
Florida Bar No. 122414
EQUITY LEGAL, PLLC
5201 Blue Lagoon Drive, Floor 8
Miami, Florida 33126
(305) 407-1005
tamaniotis@equitylegalfirm.com
Counsel for Defendants

*/s/ Joseph D. McBride*
**JOSEPH D. MCBRIDE**
New York Bar No. 5445879
THE MCBRIDE LAW FIRM, PLLC
305 Broadway, Suite 700
New York, New York 10007
(917) 757-9537
jmcbride@mcbridelawnyc.com
Admitted Pro Hac Vice
Co-Counsel for Defendants

/s/ *Howard Srebnick*
/s/ *Alexa Klein*
**HOWARD SREBNICK** (FBN 919063)
**JACKIE PERCZEK** (FBN 042201)
**ALEXA KLEIN** (FBN 1002299)
**JAKE GOLDMAN** (FBN 1074657)
BLACK SREBNICK
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421
HSrebnick@RoyBlack.com
JPerczek@RoyBlack.com
AKlein@RoyBlack.com
JGoldman@RoyBlack.com

/s/ *Stephen James Binhak*
**STEPHEN JAMES BINHAK**
Florida Bar Number 736491
LAW OFFICES OF STEPHEN JAMES BINHAK
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
(305) 361-5500
binhaks@binhaklaw.com